UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| BARBARA LEWIS, AKEMI BUCKINGHAM, BOBBIE JOE HULING, CYNTHIA WHETSELL, MARTHA MERLE, ELAINA HUFNAGEL, TERESA GATTUSO, ELISSA WAGNER, and DIXIE WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RODAN & FIELDS, LLC, a California limited liability, <br><br> Defendant. | Case No. 3:18-cv-02505 PJH (Consol. with No. 4:18-cv-02505-PJH) <br><br> **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT** <br><br> Assigned To: Judge Phyllis J. Hamilton <br><br> Hearing Date: February 20, 2019 <br> Hearing Time: 9:00 a.m. <br> Courtroom: 3 – 3rd Floor <br><br> Action Filed: April 13, 2018 |

Case No.: 4:18-cv-02248- PJH

On February 20, 2019, Defendant Rodan & Fields, LLC brought on for hearing its Motion to Dismiss Plaintiffs' Consolidated Complaint (the "Motion"). Appearances were made as is reflected on the record. The Court has considered the argument presented by all parties at the hearing, and all papers submitted in support of and in opposition to the Motion, and hereby GRANTS Defendant's Motion in its entirety.

Plaintiffs do not allege any concrete injury caused by their purchase of Lash Boost, and thus lack Article III standing and statutory standing.

Additionally, Plaintiffs fraud-based claims (*see* Motion at p. 12, fn. 5) fail to satisfy Rule 9(b)'s heightened pleading standards, because Plaintiffs do not allege the circumstances of their purchases, including any facts to support her claim that R+F deceives consumers through its advertising of Lash Boost. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (affirming district court's dismissal where plaintiff identified television advertisements and sales materials for cars, but failed to "specify when he was exposed to them or which ones he found material."); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549-53 (9th Cir. 1994), *superseded by statute on other grounds as stated in SEC v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011) (to satisfy Rule 9(b), Plaintiff must "demonstrate the falseness of the charged statements.").

Plaintiffs' Counts under the consumer protection statutes of California, Florida, Illinois, Massachusetts, New York, and Washington are defeated by their failure to allege a deceptive act, reliance, causation, or resulting damage. Plaintiffs' Counts under the Unfair Competition Law and False Advertising Law also fail because Plaintiffs do not allege that they lack an adequate remedy at law. *See Gomez v. Jelly Belly Candy Co.,* No. EDCV 17-00575-CJC(FFM), 2017 WL 8941167 *1–2 (C.D. Cal. Aug. 18, 2017) (citing *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448*16 (N.D. Cal. July 7, 2015)).

Plaintiffs' claims for common law fraud (fraudulent concealment, fraudulent misrepresentation, and/or negligent misrepresentation) fail because they do not allege facts to support justifiable reliance, falsity, that R+F was aware of the alleged side effects or intended to induce reliance or to deceive, or damages. *See, e.g. Doe v. Dilling*, 888 N.E.2d 24, 29 (Ill. 2008); Restatement (Second) of Torts § 552(1).

Plaintiffs' claims for negligent misrepresentation under California, Florida, and Washington law fail because those states' laws do not permit such claims to be based on omissions. *See Regents v. Principal Fin.*, 412 F. Supp. 2d 1037, 1045 (N.D. Cal. 2006); *Ross v. Kirner*, 172 P.3d 701, 704 (Wash. 2007); *Kahama VI, LLC v. HJH, LLC*, No. 11-cv-2029, 2013 WL 6511731 *6 (M.D. Fla. Dec. 12, 2013). Plaintiffs' claims for negligent misrepresentation under Illinois and Washington law are barred by the economic loss rule. *Alejandre v. Bull*, 159 Wash. 2d 674, 680 (2007) (dismissing negligent misrepresentation claim based on alleged misrepresentations about septic system); *First Midwest Bank v. Stewart Title Guar*, 843 N.E.2d 327, 334 (Ill. 2006).

Plaintiffs' claims under the Racketeer Influence and Corrupt Organization Act ("RICO") fail because Plaintiffs do not allege facts to support statutory standing, the existence of a fraudulent scheme, or a criminal enterprise. *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).

For these reasons, the Court GRANTS Defendant's Motion in its entirety.

**IT IS SO ORDERED.**

Dated: _____, 2019            _____
                                                                                                    Hon. Phyllis J. Hamilton
                                                                                                    United States District Court,
                                                                                                    Northern District of California